Reese, J.
delivered the opinion of the court.
The plaintiff moved the Circuit Court for judgment against the defendants for the sum of fifty-nine dollars and forty-two cents, being the amount paid by him as surety for the stay of execution on a judgment rendered by a Justice of the Peace against the defendants. The motion was refused by the Circuit Court, upon the ground that it had no jurisdiction, in such a case, to render judgment in that summary manner. And the question before us is, whether this opinion of the Circuit Court is erroneous. We think it is not. The act of 1801, ch. 15, .which gives this summary remedy to persons who are sureties in any note, bill, bond or obligation, has reference, we think, to the original contract, constituting the ground of liability upon which judgment is rendered against the principal and his surety. Judgment is not rendered against the stayor upon any note, bill, bond or obligation, or other pre-existing liability. The act of staying an execution is in the nature of a voluntary confession of judgment. It is not within the words of the act of 1801, ch. 15, and it has been invariably held, that these statutes, and all others conferring summary remedies, not according to the course of the common law, cannot, by construction, be so amplified as to embrace cases which, not falling within the words, might be supposed to come within the meaning and object of the enactment. That stayors of executions are not embraced by the provisions of the act in question, is shown by an act passed at the same session ch. 18, releasing sureties, unless plaintiff shall sue, when notified according to that act, and also by the act of 1809, ch. 69, authorizing a surety in “any note, bond, bill or obligation,” against whom judg *59 ment has been rendered, to move for judgment over against his ■ principal upon the mere ground of the rendition of a judgment against him, and without payment .of the money. It is obvious these statutes could not apply to sureties for the stay of executions; and yet, by the use of identical terms, it would seem they were intended to apply to all the classes of sureties comprised in the provisions of the act of 1801, ch. 15. And, finally, the act of 1835, ch. 41, sec. 1, 2 and 3, confers on the Justice taking the stay, the power to render judgment, in this summary manner, in favor of the surety against the principal. But we are aware of no statute which confers it upon the Circuit Court. We, therefore, affirm the judgment.